**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCES ROBERTS, Personal** | : | |
| **Representative of MAMIE CARBINO,** | : | |
| **deceased,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **3:CV-06-0303** |
| | : | **(JUDGE VANASKIE)** |
| **GREEN RIDGE NURSING HOME, GREEN** | : | |
| **RIDGE LEASING PARTNERSHIP, d/b/a** | : | |
| **Green Ridge Nursing Home and Lehigh** | : | |
| **Nursing Corp.** | : | |
| **Defendants** | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Third Party Defendant** | : | |

<u>**MEMORANDUM**</u>

This matter is before the Court on the United States' motion to dismiss the third-party

complaint.  Plaintiff Francis Roberts, as the personal representative of her deceased mother,

Mamie Carbino, filed a complaint against Green Ridge Nursing Home and Green Ridge

Leasing Partnership (the "Green Ridge Defendants") in the Court of Common Pleas of

Lackawanna County, Pennsylvania, claiming that the Green Ridge Defendants breached a duty

of care to Ms. Carbino.  The Green Ridge Defendants subsequently filed a third-party complaint

against Dr. Wasique Mirza, seeking indemnification and contribution.  Dr. Mirza removed the

case to this Court and the United States filed a notice of substitution for Dr. Mirza as third-party

defendant.  The United States then filed a motion to dismiss the third-party complaint on June

13, 2006.  Because the Green Ridge Defendants assert a viable claim for contribution, the

United States' motion will be denied.

## I.  BACKGROUND

### A.  Factual Background[1]

Ms. Carbino, at the age of ninety-two (92), was admitted into the Green Ridge Nursing

Home in mid-July 1999 after receiving medical attention at the Community Medical Center for a

fall in her home.  (Second Am. Third-Party Compl. (Dkt. Entry 16) ¶¶ 1-3.)  At the time, Ms.

Carbino was suffering from Parkinson's disease, left stroke, congestive heart failure, aortic

abdominal aneurysm, renal insufficiency, and poor appetite.  (Id. ¶ 2.)  On August 13, 1999,

Ms. Carbino was prescribed Zoloft for treatment of depression.  (Id. ¶ 9.)

On August 23, 1999, Dr. Mirza assumed physician care duties for Ms. Carbino.  (Id. ¶

4.)  He prescribed her Digitalis and Lasix.[2]  (Id. ¶ 5.)  He doubled the dosage of Lasix on

October 11, 1999.  (Id. ¶ 6.)  Though Dr. Mirza noted that Ms. Carbino's lack of appetite may be

_____

[1]  This background is based on allegations in the Green Ridge Defendants' second
amended third party complaint.  (Dkt. Entry 16.)  Because the matter is before the Court on
Defendant's motion to dismiss, the Court must accept as true all well-pled facts, as well as all
reasonable inferences drawn therefrom.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103
(3d Cir. 1990).

[2]  Digitalis and Lasix are used to treat congestive heart failure.  Wikipedia, Digitalis, at
http://en.wikipedia.org/wiki/Digitalis (last visited May 4, 2007); Wikipedia, Digoxin, at
http://en.wikipedia.org/wiki/Digoxin (last visited May 4, 2007); Wikipedia, Furosemide, at
http://en.wikipedia.org/wiki/Lasix (last visited May 4, 2007).  It is unclear from the second
amended third-party complaint whether Ms. Carbino was prescribed Digitalis or Lasix before Dr.
Mirza assumed physician care duties for Ms. Carbino.

related to depression, he discontinued prescribing Zoloft on October 12, 1999, at Ms. Carbino's daughter's request.  (Id. ¶¶ 11, 13.)  Ms. Carbino subsequently experienced a decrease in appetite.  (Id. ¶ 14.)  Green Ridge Nursing Home contacted Dr. Mirza several times about Ms. Carbino's decreased appetite.  (Id. ¶¶ 15, 22-23.)  Dr. Mirza re-started Ms. Carbino on Zoloft on November 15, 1999.  (Id. ¶ 24.)

On November 17, 1999, Ms. Carbino's health declined.  (Id. ¶ 25.)  She was transferred to Mercy Hospital that night and examined by Dr. Mirza.  (Id. ¶ 35.)  She was diagnosed with "Prerenal azotemia, acute renal failure secondary to poor oral intake secondary to hypokalemia and digitalis toxicity."[3]  (Id. ¶ 35.)  The medicine prescribed by Dr. Mirza "can contribute to hypokalemia and digitalis toxicity."  (Id. ¶¶ 5, 7.)  Ms. Carbino's condition did not improve at Mercy Hospital, and she died on November 21, 1999.  (Id. ¶ 37.)

---

[3]  Azotemia is "a medical condition characterized by abnormal levels of urea, creatinine, various body waste compounds, and other nitrogen-rich compounds in the blood as a result of insufficient filtering of the blood by the kidneys. . . .  In prerenal azotemia the blood supply to the kidneys is inadequate."  Wikipedia, Azotemia, at http://en.wikipedia.org/wiki/Azotemia (last visited May 4, 2007).

Hypokalemia is "a potentially fatal condition in which the body fails to retain sufficient potassium to maintain health."  Wikipedia, Hypokalemia, at http://en.wikipedia.org/wikiHypokalemia (last visited May 4, 2007).

Digitalis toxicity "can be caused by high levels of digitalis in the body, or a decreased tolerance to the drug. . . .  Digitalis toxicity can occur from a single exposure or chronic overmedication, or it may occur in patients with normal blood levels of digitalis if other risks are present."  Medline Plus, Digitalis toxicity, at http://www.nlm.nih.gov/medlineplus/ency/article/000165.htm (last visited May 4, 2007).

### B.  Procedural Background

Ms. Roberts initiated this action on behalf of her deceased mother on November 19, 2001, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Lackawanna County, Pennsylvania, directed to the Green Ridge Defendants.[4]  (Defs.' Br. Opp. Ex. 2 (Dkt. Entry 23-3).)  The Praecipe for Writ of Summons was reissued the following day to include Dr. Mirza.[5]  (Id.)

On May 20, 2002, Ms. Roberts filed an administrative claim on behalf of Ms. Carbino against the United States as the employer of Dr. Mirza under section 2675(a) of the Federal Tort Claims Act.  (See Letter from Richard Bergeron, Acting Deputy Assoc. Gen. Counsel, Dep't of Health & Human Servs., to Howard Terreri of Nov. 8, 2004, United States' Br. Supp. Mot. Dismiss Ex. A (Dkt. Entry 20-2).)  The Department of Health & Human Services denied Ms. Roberts' claim, finding that "[t]he evidence fails to establish that Ms. Carbino's death was due to the negligent or wrongful act or omission of a federal government employee."  (Id. at 1.)

Pursuant to Rule 1037(a) of the Pennsylvania Rules of Civil Procedures, the Green Ridge Defendants requested that Ms. Roberts file a complaint.  (Defs.' Br. Opp. Ex. 1 (Dkt. Entry 23-2).)  Dr. Mirza did not make a similar request.  In response to the Green Ridge Defendants' request, Ms. Roberts filed a complaint on January 13, 2003.  She amended the

---

[4]  Under Rule 1007 of the Pennsylvania Rules of Civil Procedures, a civil action may be commenced by filing a complaint or a praecipe for a writ of summons.

[5]  Summonses were properly served on the Green Ridge Defendants and Dr. Mirza.

complaint on February 21, 2003, and again on July 11, 2005.  In her second amended

complaint, Ms. Roberts alleges that the Green Ridge Defendants breached their duty of care in

providing her mother nursing care assistance.  (Second Am. Compl., Notice of Removal Ex. A

(Dkt. Entry 2).)  The second amended complaint does not include any allegations against Dr.

Mirza.  (Id.)

In addition to filing an Answer to Ms. Robert's complaint, (Dkt. Entry 3), the Green Ridge

Defendants filed a cross-claim against Dr. Mirza seeking contribution or indemnity on Ms.

Roberts' claims.[6]  (Cross-Claim, Notice of Removal Ex. B (Dkt. Entry 3) ¶ 7; see also Second

Am. Third-Party Compl. (Dkt. Entry 16) ¶ 62.)  Dr. Mirza subsequently removed the matter to

this Court pursuant to section 2679(d)(2) of the Federal Tort Claims Act, claiming that he was

acting within the scope of his employment as an employee of the United States when he

provided medical care and treatment to the deceased.  (Notice of Removal (Dkt. Entry 1).)  The

Green Ridge Defendants have substituted the United States as the third-party defendant for Dr.

Mirza.  (Second Am. Third-Party Compl. (Dkt. Entry 16).)

---

[6]  The Green Ridge Defendants have also asserted that Dr. Mirza is alone liable for Ms.
Carbino's injuries.  (Cross-Claim, Notice of Removal Ex. B (Dkt. Entry 3) ¶ 7; see also Second
Am. Third-Party Compl. (Dkt. Entry 16) ¶ 58.)  As noted by the United States, this theory of
liability cannot be asserted by a third-party plaintiff; rather, a third-party plaintiff may only
present a theory of derivative liability, such as contribution or indemnification.  See Toberman v.
Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992).  The Green Ridge Defendants may, of
course, argue that they are not liable for Ms. Carbino's injuries based on the theory that Ms.
Carbino's injuries were the result of Dr. Mirza's negligence alone.  This, however, is a defense,
not a third-party claim.

Before the Court is the United States' motion to dismiss the Green Ridge Defendants' third-party complaint.  (Dkt. Entry 19.)  The United States argues that the Green Ridge Defendants cannot seek contribution from the United States, as the United States cannot be found directly liable to Ms. Roberts due to the expiration of the limitations period to pursue a tort claim against the United States.  (Third-Party Def.'s Br. Supp. (Dkt. Entry 20) at 3-4, 9-10 (citing 28 U.S.C. § 2401(b)).)  The United States also argues it does not have an obligation to indemnify the Green Ridge Defendants.  (Id. at 7-9.)

## II.  DISCUSSION

Under the Federal Tort Claims Act (the "FTCA"), "the United States is liable for injury caused by the negligent act of a government employee to the same extent a private employer would be liable."  McSwain v. United States, 422 F.2d 1086, 1087-88 (3d Cir. 1970).  The FTCA also makes the United States liable under claims for contribution.  United States v. Yellow Cab Co., 340 U.S. 543, 556-57 (1951).  The extent of the United States' liability "is generally determined by reference to state law."  Molzof v. United States, 502 U.S. 301, 305 (1992).

Pennsylvania recognizes a right of contribution among joint tort-feasors under the Uniform Contribution Among Tort-feasors Act ("UCATA"), 42 Pa. Cons. Stat. Ann. § 8321, *et seq.*  The UCATA defines joint tort-feasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them."  42 Pa. Cons. Stat. Ann. § 8322.

The United States initially argues it is not a joint tort-feasor with the Green Ridge Defendants because their conduct did not cause a single harm.  (Third-Party Def.'s Br. Supp. (Dkt. Entry 20) at 9-10.)  The United States analogizes this matter to cases where courts have found that a tort-feasor who originally causes an injury and a physician who subsequently aggravates the injury or causes a new injury are not joint tort-feasors.  (Id.)  For instance, in Lasprogata v. Qualls, 397 A.2d 803, 805-06 (Pa. Super. Ct. 1979), the court found that a motorist who injured the plaintiff in a traffic accident and a doctor who subsequently provided negligent treatment to the plaintiff were not joint tort-feasors.  The court reasoned that each breached "a different duty owed to the injured plaintiff."  Id. at 805.

These cases are not applicable to this matter.  The Green Ridge Defendants and Dr. Mirza shared a collective duty to treat Ms. Carbino.  They provided concurrent treatment to Ms. Carbino.  Indeed, it is impossible to separate Ms. Carbino's alleged damages between the Green Ridge Defendants and Dr. Mirza.  See Lasprogata, 397 A.2d 805-06 (observing that "the extent that the acts of the original tortfeasor and those of the physician are capable of separation, the damages should be apportioned accordingly").  The Court therefore finds that the Green Ridge Defendants and Dr. Mirza are joint tort-feasors.

Alternatively, the United States argues that the Green Ridge Defendants cannot seek contribution because the United States cannot be found liable to Ms. Roberts, as the limitations period for Ms. Roberts to pursue a tort claim against the United States has expired.  (Third-

Party Def.'s Br. Supp. (Dkt. Entry 20) at 9.)  Pennsylvania Courts, however, distinguish the right of a joint tort-feasor to contribution from the original plaintiff's right to compensation.  Oviatt v. Automated Entrance Sys. Co., 583 A.2d 1223, 1227 (Pa. Super. Ct. 1990); see also Puller v. Puller, 110 A.2d 175, 177 (Pa. 1955) (observing that "contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done").  It is well-settled in Pennsylvania that a tortfeasor *can* seek contribution from a joint tort-feasor even though the statute of limitations on the original action has run against the joint tort-feasor.  Oviatt, 583 A.2d at 1227-28; Kim v. Michigan Ladder Co., 208 F. Supp. 298, 301-02 (W.D. Pa. 1962); see also Puller, 110 A.2d at 177 (finding that negligent defendants could recover contribution from joint tort-feasors who had complete immunity in suits brought by plaintiffs).  This liability extends to the United States, as well.  28 U.S.C. § 2674.  Consequently, the Court rejects the United States argument that the Green Ridge Defendants cannot seek contribution from it.

Finally, the United States argues that this Court lacks jurisdiction over this matter.  The government presents two arguments for its position: (1) the matter is not ripe as the Green Ridge Defendants' contribution claim does not accrue until the date on which judgment is entered or settlement is agreed; (2) removal under 28 U.S.C. § 2679(d) was improper because

the United States is only a *third-party* defendant.[7]  (Third-Party Def.'s Br. Supp. (Dkt. Entry 20) at 11-16.)  Established case law contradicts both of the government's arguments.

Under Rule 14 of the Federal Rules of Civil Procedure, "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  As noted above, the right to contribution among joint tort-feasors is recognized in Pennsylvania, "whether or not judgment has been recovered against all or some of them."  42 Pa. Cons. Stat. Ann. § 8322.  Thus, a plain reading of Rule 14 provides that the Green Ridge Defendants may file a third-party complaint against the United States, as the United States "may be liable" to the Green Ridge Defendants "for all or part" of Ms. Roberts' claim against them.  Indeed, courts routinely find third-party contribution claims for contribution against the United States to be appropriate to avoid multiplicity of litigation.  See United States v. Yellow Cab Co., 340 U.S. 543, 557-58 (1951).  Significantly, Rule 14 of the Federal Rules of Civil Procedure affords the Green Ridge Defendants the option of impleading the United States as a third-party defendant "rather than waiting until judgment is entered or a settlement reached."  Jackson v. Southeastern Pennsylvania Transportation Authority, 727 F. Supp. 965,

---

[7]  It should be noted that the Dr. Mirza, who was substituted by the United States, removed this matter to this Court.  The United States now appears to argue that this was inappropriate.  (Third-Party Def.'s Br. Supp. (Dkt. Entry 20) at 12-13 (citing Rendon v. United States, No. Civ. A. 99-5912, 2001 WL 185516, at *3 (E.D. Pa. Feb. 22, 2001)).)

967 (E.D. Pa. 1990)

It is also settled that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2679(d).  Thompson v. Wheeler, 898 F.2d 406, 409-10 (3d Cir. 1990).  In Thompson, a passenger sued a motorist in state court for injuries he sustained in an automobile accident.  Id. at 407.  The motorist sought contribution from the driver of the passenger's vehicle, who was a federal employee.  Id.  The United States was substituted for the driver and removed the matter to federal court.  Id. at 407-08.  Concerns were raised whether federal jurisdiction existed over the matter.  Id.  The Court ultimately determined that removal was appropriate under 28 U.S.C. § 2679(d).  Id. at 409.  Accordingly, the Court will deny the United States' request to dismiss this matter for lack of jurisdiction.

An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCES ROBERTS, Personal** | : | |
| **Representative of MAMIE CARBINO,** | : | |
| **deceased,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **3:CV-06-0303** |
| | : | **(JUDGE VANASKIE)** |
| **GREEN RIDGE NURSING HOME, GREEN** | : | |
| **RIDGE LEASING PARTNERSHIP, d/b/a** | : | |
| **Green Ridge Nursing Home and Lehigh** | : | |
| **Nursing Corp.** | : | |
| **Defendants** | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Third Party Defendant** | : | |

<u>ORDER</u>

**NOW, THIS 4th DAY OF MAY, 2007,** for the reasons set forth in the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT:**

   1.  The United States' Motion to Dismiss the Second Amended Third-Party Complaint

(Dkt. Entry 19) is **DENIED**.

   2.  A telephonic scheduling conference will be conducted on **May 30, 2007, at 9:00**

**a.m.**  Counsel for Plaintiff is responsible for placing the call to 570-207-5720, and all parties

shall be ready to proceed before the undersigned is contacted.


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge